Ashburn, J.
Section 92 of the code of civil procedure .-allows specific denials of material allegations in a petition, -and also a statement of new matter constituting a defense. Plaintiffs allege in their petition that, in a certain proceeding in the court of common pleas of Montgomery county, in which they were plaintiffs, and defendant Everett and •others were defendants, a certain order or decree was entered of record in that court. They then allege, as a material fact in their petition, that Sylvester II. Everett, as administrator de bonis non, consented to the making of that ■order, and consented that it be put upon the minutes of that court.
The alleged order of the court is recited in the petition, .and no consent appears therein. So that, if any such agreement was made, it must be established by proofs outside of *314 the record. If it was a material and necessary statement' of fact, and necessary to make a valid petition, it was lawful for defendants to meet such material allegation in the-petition by specific denial. Defendants met this allegation of consent by specific denial as follows: “Second. * They deny the agreement set up in said petition.” This denial was stricken from the files by order of the court, on plaintiff’s motion.' In our opinion, it was error to do so.
The answer in this case is demurred to as containing, eleven distinctly numbered defenses, and the court of common pleas, having strickeu from the files “ answers No. 1,. 2, 3, 4, 5, and 10,” treated paragraphs Nos. 6, 7, 8 and 9f • a¡s intended for so many distinct defenses, and sustained the-demurrer to each. One demurrer only was filed, but its-language is, plaiutiffs “ demur to the answers of said defendants . . . from number one to number ten, inclusive,, severally.”
The consent of the administrator to the decree or finding of the court as alleged in the petition being distinctly denied by the answer, the facts contained in the answer, if well stated, and found to be true, would constitute one, if not two, valid defenses to the action on the bond. Where-the facts in an answer are defectively stated — even confusedly stated, as in this case — and a general demurrer is interposed, the court will, under section 114 of the code, “ with a view to substantial justice between the parties,” take the pleading by the four corners, consider it as a whole, and, if the whole answer is found to contain facts sufiicient,, if well and clearly stated, to constitute a defense to the action, overrule the demurrer. The general demurrer tests the strength of the pleading, and not its form.
It appears, from the whole case, as presented on the record, that the plaintiffs and Andrew Stephens, deceased, were partners in the lifetime of decedent, and that the firm owned both real estate and personal property.
Examining paragraphs 6, 7 and 9J contained in the.answer, to which the demurrer was sustained, we find the following facts to be admitted by 'the demurrer. That *315 defendant, Everett, as administrator de bonis non of Andrew Stephens, deceased, consented in writing to some interlocutory decree in the court of common pleas of Montgomery county, but not intending thereby that the entry should conclude the rights of the estate, or be conclusive as to the indebtedness of the estate of the decedent to the plaintiffs; that Everett understood and considered the action as a proceeding in partition under the statute and nothing more; that, in that action, an effort was made by Everett, Waymier, and Yount, to ascertain the true character and condition of the accounts of the firm; that the investigation was. only a partial one, leaving open for further and future investigation and determination sundry questions as to the accounts and condition of the late firm; that, at the time of the investigation, and still unaccounted for, Waymire and Yount had and held assets of the late firm, in the form of machinery,, notes, and accounts of the probable value of seven thousand dollars, and more than enough assets belonging to decedent’s estate to liquidate any and all claims held by plaintiffs against the estate of Andrew Stephens, deceased; that,, in the supposed partition pi'oceedings, plaintiffs elected to. take the real estate belonging to the late firm, and agreed with Everett, as administrator, that if he would consent to their election to take the real estate, they would sell the same and account to him, as administrator, for one-third of the profits made on a resale; that he consented to their election; that they elected to take the property, have since sold it, realizing therefrom four thousand dollars advance, one-third of which belongs to, and is due to the estate of Andrew Stephens, deceased; when added together, there is in the possession of plaintiffs about eleven thousand'dollars, which may be denominated firm assets, one-third of which, or three thousand six hundred and sixty-six dollars, with an amount of interest, is due from the plaintiffs to the defendant, Everett, as administrator de bonis non.
If the administrator, on the trial of the case, can make the facts, admitted by the demurrer, good by proof, the *316 '•plaintiffs have no cause of action against the administrator • on his bond.
In this state of fact, if true, the failure of the administrator to cause the lauds belonging to the estate of the dead partner, to be brought into market and sold to pay the •claim of plaintiffs, was not unfaithful administration, and was not a breach of the administrator’s bond.
It appears, in the argument of counsel, that the case was ■ disposed of in the court of common pleas, upon the theory that the order, made in the court of common pleas in Montgomery county, and set out in the petition -was, in effect, a judgment in favor of plaintiffs upon their claim. If such was the case, the facts, set up in the answer of defendants, could avail them nothing. But it does not so appear to us in the light of the pleadings and admitted facts. In the answer it is denied that the Montgomery court had jurisdiction to make the order, and, the alleged consent of the administrator to the order is specifically denied in the .answer. That order, as seen in the light of the denials and •admitted facts, in the pleadings, is no more than an admission of the claim by the administrator; and was by him •expected to be reduced, if not wholly paid, by assets in the hands of the surviving partners, that were in, or might •come to their possession for such purpose, and belonging to the estate of the deceased partner.
We are strengthened in this view by a consideration of the fact that plaintiffs thought it necessary to obtain leave •of the probate court to bring an action on the administrator’s bond. They knew the provisions of the administration act upon the right of creditors to sue on administrators’ bonds. They knew, if their claim was admitted to be just; ■had been allowed by the administrator; had been ascertained by judgment or award against the administrator, and the administrator de bonis non had committed a breach of his bond, they could bring an action on his bond at their ■option, under the provisions of section 182 of the administration act. When, however, no one of the conditions exists in relation to the claim, named in section 182, before a *317 creditor can bring an action on the bond, he must avail* himself of the condition named in section 184, and first obtain leave of a court to bring his action on the administrator’s bond. In this condition of the law, we are authorized to presume that plaintiffs were of opinion or knew their claim, in this case, had not been admitted to be just, bad not been allowed by the administrator, and had not been ascertained by judgment or award against the administrator de bonis non. If it existed, in either of the conditions, named in section 182, why obtain leave of the court to bring his action under section 184?
If we are correct in our views of the condition of plaintiff’s claim, then the admission, whatever it was, if in character with the facts alleged in the answer, would only be prima facie evidence of the justice and validity of the claim,,, and the administrator is at liberty to contest the validity thereof in any way warranted by the facts in the case, as. provided in section 195 of the administration act.
As the case is presented to us, we find error in the judgment and proceedings of the court of compion pleas, and. that the district court erred in affirming the judgment of the court of common pleas. It is now here adjudged that the judgment of the district court be reversed, and we also reverse the judgment of the court of common pleas, and remand the case to that court for further proceedings.